**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,       *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 7:20-cv-00077 |
| 0.227 ACRE OF LAND, MORE OR LESS, SITUATE IN STARR COUNTY, STATE OF TEXAS, JORGE MONTALVO, *et al.*,       *Defendants*. | § § § § § | |

**OPPOSED MOTION OF THE UNITED STATES OF AMERICA**
**FOR ORDER FOR IMMEDIATE POSSESSION**

1.   The United States moves for an order requiring defendants to this action and all persons in possession or control of the property described in the Complaint in Condemnation (Dkt. No. 1) and Declaration of Taking (Dkt. No. 2) to immediately surrender possession of the condemned estate to the United States.

**I. INTRODUCTION**

2.   The United States requests an order granting immediate possession of the condemned estate. Acquiring this property is a necessary step in implementing the congressional directive, set forth in the Complaint and Declaration of Taking, to secure the border between the United States and Mexico. Congress provided funding for primary pedestrian levee fencing and new border roads along the southwest border in the Rio Grande Valley Sector. Per the appropriation, the United States plans to construct infrastructure that Congress specifically designated for construction in Starr County, Texas, and the tract identified as RGV-RGC-R1107E in the Complaint in Condemnation (Dkt. No. 1) and Declaration of Taking (Dkt. No. 2) is part of that designation. Time is of the essence. Accordingly, the United States respectfully requests this Court to enter an order of immediate possession on an expedited basis.

## II. BACKGROUND FACTS

3.     Pursuant to the Declaration of Taking Act, 40 U.S.C. § 3114, and Federal Rule of Civil Procedure ("Rule") 71.1 (formerly Rule 71A), the United States filed a Complaint (Dkt. No. 1) and a Declaration of Taking (Dkt. No. 2), and a deposit of estimated just compensation (Dkt. No. 6) to acquire a perpetual non-exclusive and assignable road and utility easement in property identified as Tract No. RGV-RGC-R1107E ("Subject Property"). The United States will use this property to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas. *See* Dkt. No. 2, Declaration of Taking, Schedules "B" and "D". Fiscal year 2017 appropriated funding to acquire the interests sought in this action. *See* Dkt. No. 2, Declaration of Taking, Schedule "A"; *see also* Consolidated Appropriations Act, 2017, Pub. L. 115-31, div. F, tit. VI, 131 Stat. 135, 433 (2017) (appropriating funds). The United States deposited $310.00 as estimated just compensation. Dkt. No. 6.

## III. ARGUMENT AND AUTHORITIES

   A.   *Because it Acquired this Property Under the Declaration of Taking Act, the United States is Entitled to Immediate Possession.*

4.     The United States initiated this case by filing a Complaint (Dkt. No. 1) and a Declaration of Taking (Dkt. No. 2) and depositing estimated just compensation into the registry of the Court (Dkt. No. 6), as required by the Declaration of Taking Act ("Act"), 40 U.S.C. § 3114 (formerly 40 U.S.C. § 258a). The filing and deposit immediately vest title to the acquired property in the United States. *See* 40 U.S.C. §3114(b)(1). The Act specifically provides that upon the filing of the declaration of taking, "the court may fix the time within which, and the terms on which, the parties in possession shall be required to surrender possession to the petitioner . . ." 40 U.S.C. § 3114(d)(1). The purpose of the Declaration of Taking Act is to give the Government immediate

possession of the property and give the owner immediate compensation, in the form of estimated compensation, in return for title to the land. *United States v. Miller*, 317 U.S. 369 (1943). As the Court explained,

> [t]he purpose of the statute is twofold. First, *to give the Government immediate possession of the property* and to relieve it of the burden of interest . . . . Secondly, to give the former owner, if his title is clear, immediate cash compensation to the extent of the Government's estimate of the value of the property.

*Id.* at 381 (emphasis added). The transfer of title is immediate upon the filing of the declaration and deposit of estimated just compensation. *See, e.g.*, *Catlin v. United States*, 324 U.S. 229, 238 (1945) (holding that a landowner may not delay or prevent the vesting of title by an interlocutory appeal).

5. The Supreme Court reaffirmed that the Declaration of Taking Act immediately confers to the United States title and a right to possession in *Kirby Forest Industries, Inc. v. United States*. 467 U.S. 1 (1984). There it reviewed the methods by which the United States may appropriate property, primarily comparing use of a declaration of taking with a "straight-condemnation" proceeding. *Id.* at 3-5. In a "straight condemnation", the United States only files a complaint in condemnation and only acquires title after the determination and payment of just compensation. *Id.* at 4. In contrast, the Court noted that the Declaration of Taking Act is "[a] more expeditious procedure . . ." *Id*. The Court held that upon the filing of a declaration of taking and deposit of estimated just compensation, "[t]itle and right to possession thereupon vest immediately in the United States." *Id.* at 5. Further distinguishing a "straight-condemnation" case from one brought under 40 U.S.C. § 3114, the Court explained that the adoption of the Declaration of Taking Act was "for the purpose of affording the Government the option of peremptorily appropriating land prior to final judgment, thereby permitting immediate occupancy . . . " *Id.* at

12. Finally, as stated in *Narramore v. United States*, Congress enacted the Declaration of Taking Act "[t]o give the Federal Government immediate possession of condemned property and to avoid delays in federal construction projects…" 960 F.2d 1048, 1050 (Fed. Cir. 1992).

6. Accordingly, because the United States has acquired the property at issue under the Declaration of Taking Act, the United States is entitled to immediate possession of the property. *See Miller*, 317 U.S. at 381; *Kirby Forest Indus.*, 467 U.S. at 5, 12.

> B. *The United States Needs Immediate Possession in Order to Meet the Congressional Directive to Construct Fencing and Infrastructure in the Rio Grande Valley Sector.*

7. Congress has mandated that the Department of Homeland Security ("DHS") achieve and maintain operational control of the international land border. The Secure Fence Act of 2006, Pub. L. 109-367, § 2, 120 Stat. 2638 (Oct. 26, 2006). As part of achieving operational control of the border, the President's Executive Order on *Border Security and Immigration Enforcement Improvements* directs the Secretary of DHS (the "Secretary") take all appropriate steps to plan, design, and construct a wall and related infrastructure along the southern border. Executive Order 13767, § 4(a). Consistent with Congress' mandate that DHS achieve and maintain operational control of the border and the President's Executive Order, Congress has directed DHS to construct fencing and related infrastructure along the southwest border, and specifically in the Rio Grande Valley Sector. *See* Consol. Appropriations Act, 2017, Pub. L. 115-31, div. F, tit. VI, 131 Stat. 135, 433. The United States needs immediate possession of the Subject Property in order to meet this congressional directive. The Secretary has identified specific locations in Starr County, Texas, for the construction of tactical infrastructure in order to improve security along the border of the United States. The United States needs to acquire the Subject Property in order to begin construction, installation, and maintenance of border security infrastructure in Starr County, Texas. *See* **Exhibit 1**, Declaration of Loren Flossman; *see also*

Consol. Appropriations Act, 2017, Pub. L. 115-31, div. F, tit. VI, 131 Stat. 135, 433. (appropriating funds for the current taking). Because of the United States' demonstrated need for immediate access, this Court should grant immediate possession of the interest sought.

    C.    *Defendant Landowners Will Not Present Any Undue Hardship that Warrants a Delay in Granting the United States Immediate Possession of the Subject Property.*

8. Defendant landowners, Jorge Montalvo and Elsa Montalvo (hereafter "the Montalvos"), will not demonstrate a need to delay the United States' immediate possession of the Subject Property. *See E. Tenn. Nat. Gas Co. v. Sage*, 361 F.3d 808, 825 (4th Cir. 2004) ("Although the district court fixes the time and any terms of possession, the government takes possession of the condemned property as a matter of course, unless the landowner or occupant demonstrates some undue hardship that warrants a delay."). The Montalvos' opposition to possession stems from the parties disagreement as to valuation for the estate acquired in this case. Dkt. No. 15 at 6. Because the sole issue is one of just compensation, the United States attempted resolution of the issue of possession with the Montalvos, however, despite good faith attempts to resolve the issue of possession, the Montalvos confirmed on May 27 and June 5, 2020 that they do not agree to possession and oppose this motion for immediate possession. *Id.*

9. In summary, the United States and the Montalvos have engaged in continuous, *bona fide* negotiations to resolve all issues in this case; however, attempts have been unsuccessful due to disagreement on valuation of the estate taken. The parties' disagreement on just compensation can be resolved by this Court during the course of this condemnation action, and said disagreement does not affect the United States' right to immediate possession of the Subject Property. Granting the United States possession of the easement sought herein would not constitute an undue hardship to the Montalvos warranting any further delay. Therefore, the United States requests the Court enter an order granting it immediate possession of the Subject Property.

## IV. CONCLUSION

Based on the foregoing, the United States submits that it is entitled to the entry of an order of immediate possession and requests that the Court grant this motion and enter an order of possession giving the United States immediate possession of the condemned estate described in Schedule E of the Declaration of Taking (Dkt. No. 2).

Respectfully submitted,

**RYAN K. PATRICK**
United States Attorney
Southern District of Texas

By:   *s/Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney
Attorney-in-Charge for Plaintiff
S.D. Tex. ID No. 3135288
Texas Bar No. 24106385

**UNITED STATES ATTORNEY'S OFFICE**
**SOUTHERN DISTRICT OF TEXAS**
600 E. Harrison Street, Suite 201
Brownsville, Texas 78520
Tel: (956) 983-6057
Fax: (956) 548-2775
E-mail: Baltazar.Salazar@usdoj.gov

## CERTIFICATE OF CONFERENCE

On May 27 and June 5, 2020, I, Baltazar Salazar, Assistant United States Attorney for the Southern District of Texas, conferred with Defendants Jorge Montalvo and Elsa Montalvo by telephone and regular mail and each informed me that they are opposed to this motion.

By:   *s/ Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney

## CERTIFICATE OF SERVICE

    I, Baltazar Salazar, Assistant United States Attorney for the Southern District of Texas, do hereby certify that on June 15, 2020, a copy of the foregoing was served on Defendants Jorge Montalvo and Elsa Montalvo via regular mail.

By:    *s/ Baltazar Salazar*
      **Baltazar Salazar**
      Assistant United States Attorney
