United States District Court
Southern District of Texas
**ENTERED**
November 20, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § CIVIL ACTION NO. 7:20-cv-00077 | |
| 0.227 ACRES OF LAND, more or less, in § | |
| STARR COUNTY, TEXAS; JORGE § | |
| MONTALVO; and ELSA MONTALVO, § | |
| § | |
| Defendants. § | |

## FINAL JUDGMENT

The Court hereby renders final judgment in this case in accordance with Federal Rule of Civil Procedure 54. Having granted the parties' joint stipulation and motion to establish and disburse just compensation and close this case,[1] the Court **GRANTS** and **ORDERS** the following:

The United States possesses a road and utility easement over the Subject Property, specifically tract RGV-RGC-R1107E as described in the United States' Schedules C and D, approximately 0.227 acres of land located in Starr County, Texas.[2] The road and utility easement is specifically a perpetual non-exclusive and assignable easement and right-of-way in, on, over, under and across the Subject Property for the location, construction, operation, maintenance, alteration and replacement of a road and aboveground and underground utility lines and appurtenances thereto; together with the right to trim, cut, fell and remove any vegetative or structural obstacles that interfere within the right-of-way; subject to existing easements for public

---

[1] Dkt. No. 27.
[2] Dkt. No. 1.

roads and highways, public utilities, railroads and pipelines; reserving however, to the owners, their heirs and assigns, the right to use the surface of such land as access to their adjoining land or for any other use consistent with its use as a road. The United States must use the road and utility easement to construct, install, operate, and maintain a border security tower, roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas. The United States is entitled to immediate possession of the described road and utility easement and all individuals or entities must immediately surrender or subordinate their activities to the extent they interfere with or are inconsistent with the United States' easement.

Three hundred ten dollars ($310), together with any interest earned while on deposit,[3] is just compensation for the foregoing taking and satisfies any claims of whatever nature by the Defendants against the United States for the taking. The amount shall be subject to all taxes, liens, encumbrances, and charges of whatever nature existing against the interests in the Subject Property at the time the easement vests in the United States, and all such real estate taxes, liens, encumbrances, and charges of whatever nature shall be deductible from this amount. The Clerk of the Court is **ORDERED** to disburse the full amount of just compensation on deposit in the Court's registry,[4] together with any interest, to Jorge Montalvo and Elsa Montalvo.

In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interest in the property taken in this proceeding, Defendants Jorge Montalvo and Elsa Montalvo shall refund into the registry of the Court the compensation distributed by this final judgment, or such part thereof as the Court may direct, together with interest thereon at an annual rate provided in 40 U.S.C. § 3116 from the date

---

[3] *See* 40 U.S.C. § 3116.
[4] *See* Dkt. No. 6.

of Defendants' receipt of just compensation to the date of repayment into the registry of the Court.

This final judgment is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of Defendants. Defendants shall not appeal this final judgment. Jorge Montalvo and Elsa Montalvo shall save and hold harmless the United States from all claims or liability resulting from any unrecorded leases or agreements affecting the interest in the Subject Property as of April 10, 2020. Each party is to bear its own fees and costs. Any relief not expressly granted in this final judgment is hereby **DENIED**. This is a final judgment for which execution may issue as allowed by law. The Clerk of the Court is instructed to close this case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 20th day of November 2020.

_____
Micaela Alvarez
United States District Judge

